### MORRIS PLAN BANK v. GLOCKNER.*
No. 15030.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

Harold J. Moore, of New Orleans, for appellant.

Marcus & Corkern and Cicero C. Sessions, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $125, the balance alleged to be due on a promissory note executed by defendant. The defense, as set up in the answer, is based upon the alleged failure of the plaintiff to intervene in a proceeding involving the seizure and sale of an automobile belonging to the defendant upon which the plaintiff had a chattel mortgage given as security for the promissory note sued on, the contention being that if the plaintiff had intervened in the other suit and asserted its lien, the entire amount due under the note would necessarily have been discharged because of the priority of plaintiff's lien over that of the seizing creditor.

There was judgment below in plaintiff's favor, as prayed for, and defendant has appealed.

■ The defense is wholly without merit, since a secured creditor is under no obligation to protect its interest in the security. A mortgage creditor may proceed via executiva, or via ordinaria. In the present instance, the creditor elected to adopt the ordinary procedure. When and if it attempts to assert a lien as against the mortgaged automobile, it may develop that the privilege granted by the mortgage has been waived because of its failure to intervene in the other suit. Be that as it may, there can be no question that the plaintiff is entitled to an ordinary judgment against the defendant.

■ Counsel, in his brief filed in this court, states that originally there was judgment in favor of defendant dismissing plaintiff's suit and that this judgment was not set aside or recalled by any order of court, and he argues that the subsequent judgment from which this appeal was taken is without legal effect.

The only reference to a previous judgment contained in the transcript is in a copy of the minutes. The judgment is not in the record, nor is there anything to indicate whether the judgment was signed and what proceedings were taken to recall it. If the point now made was deemed important, the proper steps should have been taken by counsel to have the transcript include the evidence upon which it is based. We can only consider the case as presented by the record before us.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

*Rehearing denied June 24, 1935.